Geeen, J.
delivered the opinion of the court.
Ross & Beeler sued Smith for taking a negro out of their possession, and recovered a judgment for $554. Previously to the rendition of the said judgment, Smith and Ross & Beeler had entered into a covenant, whereby Smith rented several town lots and buildings, together with several negroes, and furniture, bacon, corn, hay, &c- to Ross & Beeler for five years. Smith bound himself to fit up a store room, and make certain other repairs to the houses. And Ross & Beeler were to pay him $160 per year, to board Smith’s son, clothe the ne-groes comfortably, to return all the property as they got it except the wear and tear thereof, and to return the same amount of corn, fodder, bacon, &c. This bill is filed by Smith, setting forth these facts; alledging that the rent remains unpaid, except for the first year; that the property has been injured while in the hands of the defendants, and that some of it has not been returned; whereby he has sustained damages to a great amount, which he prays may be set off against the said judgment of Ross & Beeler against him.
*221 The question now is, whether this court has any jurisdiction to'enjoin this judgment, settle the amount of damages the complainant is entitled to recover on this covenant, and set it off against the judgment of the defendants.
We are of opinion no such jurisdiction exists. There is no equity against the judgment sought'to be enjoined; and the only ground the complainant states for coming into this court is, that the defendants owe him an amount equal to their judgment, and he wishes to restrain their execution until the amount of damages he has sustained on the covenant can be settled and set off against their judgment.
There is no allegation that there is any embarrassment in the way of his recovery at law, or that the defendants are insolvent, and that he would be unable to obtain execution of any judgment he may recover.
It is the nalied case, where a court of equity is requested to take jurisdiction of a matter of purely legal cognizance, merely with a view to delay execution of the defendant’s judgment. The complainant has no right to ask such delay. He may prosecute his action, and have execution of any judgment he may obtain. If the defendants have been more vigilant, or if their right of action first accrued, the complainant must submit to the inconvenience (if it be one) of paying this demand against him, and obtaining his money again when he shall recover on his covenant. If jurisdiction were assumed by this court in this case, there is no case in which a judgment might not be enjoined, for the sake of litigating in this court the disputes between the parties of whatever character they might be.
Reverse the decree and dismiss the bill,